IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WILLIAM ROBERT SHAW,

Plaintiff,

v.

SERGEANT NICHOLAS ROEN and C.O. DAY,

Defendants.

OPINION and ORDER

26-cv-567-jdp

Plaintiff William Robert Shaw, proceeding without counsel, is a prisoner at Columbia Correctional Institution. Shaw alleges that prison staff exposed him to other inmates while he was using the toilet. The court has already allowed Shaw to proceed without prepaying any portion of the filing fee.

The next step is for me to screen Shaw's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Shaw's current allegations don't state a claim for relief under federal law, but I will give him a chance to submit an amended complaint.

## ALLEGATIONS OF FACT

Shaw alleges that "there is an inappropriate condoned culture of voyeurism" at Columbia Correctional Institution (CCI), exemplified by staff failing to give inmates privacy

when sitting on the toilet having a bowel movement. Dkt. 1, ¶ 5. The cells at CCI have a toilet nearby the cell door, and opening the door while a prisoner is having a bowel movement exposes the inmate to anyone standing outside the room. When a prisoner is using the toilet and his cellmate returns to the cell from elsewhere, correctional officers require the cell door to be opened for the cellmate to return rather than have the cellmate wait outside until the prisoner using the toilet is finished.

On April 21, 2025, Shaw was using the toilet to have a bowel movement. Defendants Sergeant Roen, Correctional Officer Day, and Shaw's cellmate approached Shaw's cell. Defendants peered inside and saw Shaw using the toilet. Shaw yelled that he was still using the bathroom. Defendants radioed to have the cell door opened, and they ordered Shaw's cellmate to enter the cell. Defendants snickered as they did so. Inmates in the cell across from Shaw saw Shaw's half-naked body, laughed, and yelled for other inmates to see what was going on.

Shaw quickly got up in an attempt to avoid embarrassment, causing his fecal matter to fall on the floor, leading the inmates to laugh more. Shaw's cellmate asked to wait until Shaw was finished. Defendants threatened the cellmate with discipline if he didn't enter the cell, and Roen told the cellmate that it didn't matter if he saw Shaw's "little pecker." *Id.*, ¶ 17.

After this incident, Shaw was subjected to ridicule by other inmates.

## ANALYSIS

Shaw seeks to bring claims under both federal and state law. I'll address his federal-law Fourth and Eighth Amendment claims first, that defendants unnecessarily exposed him while defecating and subjected him to ridicule. "[T]he Fourth Amendment protects a right to bodily privacy for convicted prisoners, albeit in a significantly limited way, including during visual

inspections." *Henry v. Hulett*, 969 F.3d 769, 774 (7th Cir. 2020). Also, a prisoner can state an Eighth Amendment claim if he is searched by staff who act in "a harassing manner intended to humiliate and cause psychological pain," *Mays v. Springborn*, 575 F.3d 643, 649–50 (7th Cir. 2009).

But prisoners generally do not have a reasonable expectation of privacy in using the toilet. *See, e.g.*, *Henry*, 969 F.3d at 783; *Lazur v. Lake Cnty. Sheriff*, No. 2:24-cv-309, 2025 WL 985462, at *3 (N.D. Ind. Apr. 2, 2025) ("the lack of privacy while using the toilet is an unfortunate reality of detention and not a constitutional violation"). I take Shaw to be attempting to show that CCI staff intentionally humiliates prisoners with a "culture of voyeurism," but this is a conclusory statement that alone doesn't raise a reasonable inference about an intent to humiliate prisoners. And based on his more specific allegations he doesn't state an Eighth Amendment claim. At most he alleges that staff doesn't wait for prisoners to finish using the bathroom before opening cell doors to return prisoners to their cells. And Roen's alleged comment about Shaw's penis, while unprofessional, isn't enough to violate the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("simple verbal harassment does not constitute cruel and unusual punishment"), abrogated on other grounds by *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

At present, Shaw's complaint doesn't state any claims for relief under federal law, so I won't consider his state-law claims (there's no indication that diversity jurisdiction exists). When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). So I will give Shaw a chance to amend his complaint to properly state a constitutional claim against defendants.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED.
2. Plaintiff may have until September 24, 2026, to file an amended complaint.

Entered September 3, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge